NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS RIVERA-RUEDA, | No. 19-72993 |
| Petitioner, | Agency No. A200-568-437 |
| v. | |
| JEFFREY A. ROSEN, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 13, 2021[**]
Pasadena, California

Before: CALLAHAN and WATFORD, Circuit Judges, and RAKOFF,[***] District Judge.

Carlos Rivera-Rueda petitions for review of the Board of Immigration

Appeals' (BIA) decision dismissing his appeal from an immigration judge's (IJ)

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

denial of his application for withholding of removal under § 241(b)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3), and protection under the Convention Against Torture (CAT). Because the BIA's determinations were supported by substantial evidence, we deny Rivera-Rueda's petition for review.

**1.** We review adverse credibility findings under a substantial evidence standard, considering the totality of circumstances and applying a "rule-of-reason analysis" to ensure the agency's determination is supported by "specific and cogent reasons" and considers all relevant factors in accordance with the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40, 1044 (9th Cir. 2010). Here, the BIA did not err in affirming the IJ's adverse credibility finding. The BIA relied on Rivera-Rueda's failure to inform immigration officials of his past harm in Mexico during numerous interactions at the border and his willingness to return to Mexico following these apprehensions, both of which are valid bases for an adverse credibility finding. *See id.* at 1039–40 (identifying implausibility and inconsistencies as relevant considerations); *Loho v. Mukasey*, 531 F.3d 1016, 1017–18 (9th Cir. 2008) (holding that an IJ's reliance on petitioner's voluntary return in rendering an adverse credibility finding was appropriate). During the withholding hearing, the IJ provided Rivera-Rueda with an opportunity to explain these discrepancies, as the IJ asked Rivera-Rueda about his failure to inform

immigration officials of his fear of returning to Mexico and his willingness to return. Substantial evidence therefore supports the BIA's conclusions.

2. Although the adverse credibility finding itself provides a sufficient basis for denying Rivera-Rueda's eligibility for withholding of removal, we also find no error in the BIA's determination that he would not be entitled to withholding even if he had been found credible. Rivera-Rueda seeks withholding on the basis of his membership in three particular social groups: "kinship," "crime witness subjected to police," and "criminal extortion." Even if one or more of these were cognizable social groups under the INA, there is no nexus between these groups and Rivera-Rueda's alleged fear. Rivera-Rueda repeatedly indicated that his fear of harm is based on his status as someone who recently returned from the United States, appears American, and thus might be assumed to have money. We have held, however, that this is not a cognizable particular social group. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (holding that "returning Mexicans from the United States" was not a cognizable social group for purposes of establishing a protected ground); *see also Flores-Vega v. Barr*, 932 F.3d 878, 887 (9th Cir. 2019) (holding substantial evidence supported BIA's denial of withholding where claimed reason for targeting was "because people in Mexico would know he came from the United States and would assume his family had money for a ransom").

**3.** Substantial evidence also supports the BIA's conclusion that Rivera-Rueda is not eligible for protection under CAT. Although an "adverse credibility determination is not necessarily a death knell to CAT protection," Rivera-Rueda needed to provide reports that alone compel the conclusion that he is more likely than not to be tortured if returned to Mexico. *Shrestha*, 590 F.3d at 1048–49 (citing 8 C.F.R. § 1208.16(c)(2)). Rivera-Rueda provided country conditions evidence demonstrating that police corruption and violence are widespread in Mexico, but he has not shown a risk particular to him and thus has failed to establish his entitlement to protection under CAT. *See Delgado-Ortiz*, 600 F.3d at 1152 ("Petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet [the CAT] standard.").

**PETITION FOR REVIEW DENIED.**

Rivera-Rueda's motion for stay of removal (Dkt. 1) is **DENIED** as moot.